IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID GEREAL ELLERBY, #42755-037      *
               Plaintiff,
      v.                     *   CIVIL ACTION NO. CCB-13-2117

IVAN J. BATES             *
              Defendant.

                        ***

MEMORANDUM

On July 22, 2013, David G. Ellerby ("Ellerby"), a federal inmate housed at the United States

Penitentiary at Lewisburg, Pennsylvania, filed a 42 U.S.C. § 1983 civil rights complaint naming his

former defense attorney in *United States v. Ellerby*, Criminal No. CCB-07-64 (D. Md.) as a

defendant.  ECF No. 1.  Ellerby claims that the mother of his son hired defendant to represent him

for an agreed $20,000.00.  He alleges that defendant breached the agreement by withdrawing from

the case before "fully doing what he agreed to do by representing me at trial." *Id*. at p. 8.  Ellerby

seeks reimbursement of $12,000.00.

In an attachment to the complaint, Ellerby raises claims of ineffective assistance of counsel,

alleging that counsel failed to adequately represent him at an October 24, 2007 pre-trial motions

hearing by failing to plead sufficient known facts that would have resulted in a "Franks" hearing.[1]

 Because he appears indigent, Ellerby's motion for leave to proceed in forma pauperis (ECF No. 2)

will be granted.  His complaint will, however, be dismissed without attempting service on defendant.

---

[1]     In *Franks v. Delaware,* 438 U.S. 154 (1978), the Supreme Court held that, under limited circumstances, an accused may obtain an evidentiary hearing concerning the veracity of the statements in an affidavit in support of a search warrant. To warrant a *Franks* hearing, the defendant must "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and ... the allegedly false statement is necessary to the finding of probable cause ...." *Id*. at 155-56.

Ellerby fails to demonstrate how his initial allegation, which is seemingly based on a breach of contract, rises to the level of deprivation of a constitutional right. It is therefore not actionable under 28 U.S.C. §§ 1331 or 1343. Federal courts have the power under 28 U.S.C. § 1331 to award damages occasioned by infringements by federal officials of constitutionally protected interests. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). In a *Bivens* suit a plaintiff must establish that one of his constitutional rights was violated by a federal official. *See id.* Further, a retained attorney or an attorney appointed by a federal court to represent an indigent criminal defendant is not a "federal official. *Cf. Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (public defenders are not "state actors" in 42 U.S.C. § 1983 context). A defense attorney representing a client, whether privately retained or court-appointed, is free from state control and is not acting under color of state law. *See id.*; *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Accordingly, Ellerby fails to state a *Bivens* claim.

Moreover, to the extent that Ellerby is raising ineffective assistance of counsel allegations, his claim would still fail. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless he first proves that the conviction or sentence has been reversed on direct appeal, or called into question by a federal court's issuance of a motion to vacate pursuant to 28 U.S.C. § 2255. *See Heck*, 512 U.S. at 486-7.

Here, Ellerby's self-represented ineffective assistance of counsel claims directly relate to the constitutionality of his federal convictions and success in this civil rights action might vitiate the

legality of those convictions.[2]  Thus, his civil rights may not proceed at this time under *Heck*.  S*ee also Ceasar v. Federal Bureau of Prisons,* 532 F.Supp.2d 1, at *4 (D. D.C. 2008); *Archilta v. Oklahoma,* 123 Fed. Appx. 852, 856–857 (10th Cir. 2005) (rationale of *Heck* applies to bar claim going to validity of conviction whether the cause of action is construed as filed pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1331).  A separate order follows.


Date:  July 29, 2013.


_____/s/_____
Catherine C. Blake
United States District Judge


---

[2]    The court observes that Ellerby has mounted a 28 U.S.C. § 2255 challenge to his convictions. Because he was convicted in federal court of a federal crime, his exclusive habeas corpus remedy is that provided in 28 U.S.C. § 2255.